AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover damages for personal injuries sustained in a motor vehicle collision. Involved were an Oldsmobile of one Miles Sweeney, in which plaintiff was riding as a geust passenger, and a truck of Hill City Mills, driven by its employee, Clyde Laws.
The accident occurred between S :30 and 6:00 p. m., August 6, 1960, on U. S. Highway 80, a 4-lane main thoroughfare; the east- and west-bound traffic lanes are separated by a neutral ground. The scene of the accident was about five and a half miles east of Bossier City. Made defendants were Laws, his employer, and the latter’s public liability insurer.
Negligence charged to Laws consisted of his alleged failure to maintain a proper lookout or to keep his vehicle under control, and in changing traffic lanes without first ascertaining that the maneuver could be made in safety.
The defense is a denial of negligence on the part of Laws. Additionally, it is alleged by defendants that the sole cause of the accident was the negligence of one William Allen Hatmaker, Jr., the driver of the Oldsmobile. Directed to him were charges of excessive speed, failure'to keep a proper look-out or to maintain his vehicle under control, in passing a car in his left traffic lane, and suddenly swerving back to the left and striking defendant’s truck in the left lane. A further charge is made that Hatmaker was operating the motor vehicle while he was under the influence of intoxicating liquor.
The trial court obviously concluded plaintiff had failed to sustain his burden of proof and establish negligence on the part of Laws as constituting a proximate cause of the accident. Accordingly, there was judgment rejecting plaintiff’s demands, and he appealed.
*864 The issues presented are purely factual in character. A detailed statement of the testimony of the several witnesses is not deemed necessary. A resumé of the facts as established by the record is deemed sufficient for an understanding and resolution of the questions presented.
Moesch, Sweeney, Hatmaker, and one King, members of the United States Air Force, stationed at Barksdale Field, having an average age of approximately 20 years, assembled near noon on the date of the accident. From near 11:00 a. m. until between 4:00 and 5 :00 p. m., according to the three who testified, each consumed five containers of beer, except Hatmaker, who, it was said, had drunk only four of such containers. King was not produced as a witness.
With Hatmaker driving, accompanied by plaintiff on the right front seat, and Sweeney and King on the rear seat, these parties, late in the afternoon, proceeded in Sweeney’s car easterly on U. S. Highway 80. By their own testimony and admission, a speed of at least 80 m. p. h. was attained. This speed, they claimed, was reduced to 40-45 m. p. h. in the vicinity of a highway weighing station due to the usual presence of a member of the State Highway Police. After passing this location, they continued easterly up a hill at a speed estimated by them at 60-65 m. p. h. The accident occurred as they descended this hill. No obstruction, however existed to obscure their view for at least a half mile.
Prior to the occurrence of the accident, the record discloses the eastbound traffic condition. A Volkswagen, driven by one IT. R. Reynolds, was in the lead in the right traffic lane, followed by two other vehicles. These were, in turn, followed by defendant’s truck. Mrs. Helen D. Kettler was also proceeding easterly to their rear but in the left eastbound traffic lane. Her speed was about 60 m. p. h.; when, at a distance of approximately a thousand feet away, Mrs. Kettler observed defendant’s truck, the speed of which she estimated at approximately 45 m. p. h. Her estimation was based upon her own speed and the fact that she was gradually approaching the truck. The two vehicles sandwiched between the Volkswagen and defendant’s truck, in the meantime, had passed the forward vehicle and continued easterly. When the distance between Mrs. Kettler’s car and defendant’s truck, due to her greater speed, had been reduced to some 300-400 feet, the Oldsmobile in which plaintiff was riding swished by her and to her right at an excessive speed. After passing, the driver immediately swerved to his left and into the left traffic lane in front of the Ket-tler vehicle, striking the left rear of the truck with its right front. The truck, in the meantime, and at the time the Oldsmobile was passing Mrs. Kettler, had occupied the left traffic lane in order to also pass the Volkswagen. The collision occurred in that traffic lane and so near the left side that the two left wheels of the Oldsmobile were possibly on the neutral ground at the time of the impact. The vehicles came to rest, the truck about 200 feet beyond the point of impact, in the right-hand lane, and the car on the neutral ground near the point of impact.
From our review of the record, we can discern no negligence on the part of Laws. He was proceeding at a moderate speed, well below the maximum limits. Nor is there any evidence warranting a conclusion that he failed to keep or maintain a proper lookout, or that he attempted a change in traffic lanes when it was unsafe to do so.
The record makes it abundantly clear that the sole cause of the accident was the fault and negligence of the driver of the Oldsmobile. His failure to keep or maintain a proper lookout, or to keep his vehicle under control, and his extreme, excessive speed constituted, in our opinion, the cause of the accident. His failure in these respects, most probably, resulted from the effects of the frequent imbibing of in *865 toxicating liquor during the several hours preceding the occurrence.
In the conclusions of the trial court, we not only find no manifest error, but are of the opinion that such conclusions are amply supported by the record.
The judgment appealed is, therefore, affirmed at plaintiff-appellant’s cost.
Affirmed.